## HANKISON v. UNITED STATES.

Civ. Nos. 5098, 5124.

District Court, N. D. Ohio, W. D.

Aug. 17, 1945.

Wilbur E. Benoy, of Columbus, Ohio, and William E. Orthwein, of Toledo, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., of Toledo, Ohio, and Fred J. Neuland, Sp. Asst. to Atty. Gen., for defendant.

KLOEB, District Judge.

In view of the excellent statement of facts contained in defendant's brief (pp. 4 to 13, both incls.), filed May 31, 1945, and of the Stipulation of Agreed Facts filed April 25, 1945, wherein it appears that the material facts involved are not disputed, the Court will attempt no re-statement of facts in this memorandum.

The first question for determination is whether plaintiff's claim for refund, filed July 10, 1944, was filed within the time limitations of the statute. This involves the question of whether the claim can rightfully be considered as an amendment to the timely claim filed on January 18, 1944.

I am of the opinion that the claim filed July 10, 1944, raised a new and additional ground from that raised by the claim filed January 18, 1944, and therefore cannot be considered as an amendment to the latter claim. The claim filed July 10, 1944, was therefore untimely filed.

240

The second question involved is whether the sum of $205,710.73 representing money and property distributed by Midwest Haulers, Inc., in accordance with the March 3, 1936 contract entered into between the United States Freight Company, the Midwest Haulers, Inc., and plaintiff, was all income taxable to plaintiff only for the tax year 1936. This, in turn, involves the question of whether there was an oral modification of the contract of March 3, 1936, which was reduced to writing in the year 1941.

■ Plaintiff has testified, over objection, that he orally agreed with the United States Freight Company to a modification of the contract, whereby he relinquished his right to certain assets to be left with Midwest Haulers, Inc., agreed to be in the sum of $18,771.09. Underlying the whole question is the problem of discerning the taxpayers intention with reference to the assets of Midwest Haulers, Inc., that is, were they to be considered his own property exclusively, or the property of himself and family.

It appears to the Court that he must disregard the testimony of the plaintiff with reference to a claimed oral modification of the contract and determine the intention of the taxpayer from the terms of the written contract of March 3, 1936. It appears further that the Court, in accordance with his inquiries and rulings on the testimony of Mr. Weirick (Rec. pp. 93, 94, 95, 98, 99, 103, 105, 106, 107 and 109), must disregard the testimony of this witness as being irrelevant, immaterial and based upon hearsay.

What then, was the intention of the taxpayer as discerned from the contract of March 3, 1936?

■ Clearly, it was his intention that the assets of the Midwest Company were to be considered and treated as his own exclusive property.

I am therefore of the opinion that the Commissioner of Internal Revenue correctly determined that the sum of $205,710.73 was taxable to plaintiff for the year 1936, and that the sum or $18,771.09 was properly included in the taxable net income for that year. The complaints are therefore dismissed.

Defendant may file findings of fact and conclusions of law, drawn in accordance with this memorandum, within ten days; plaintiff, within ten days thereafter, may file his suggested additions or exceptions thereto.